# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Appellee,<br><br>v.<br><br>JOAQUIN VALDIVIA-MUNOZ,<br><br>              Defendant-Appellant. | Case No.: 18-mj-20433-RNB-H-1<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On August 11, 2018, Defendant Joaquin Valdivia-Munoz filed a notice of appeal to the district court. (Doc. No. 13.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

## Background

On July 25, 2018, Defendant was arrested approximately fifty yards north of the United States/Mexico border and twenty-five miles east of the Tecate Port of Entry. (Doc. No. 1 at 2.) Defendant stated that he is a citizen of Mexico without any immigration documents which would allow him to enter or remain in the United States legally. (Id.)

On July 26, 2018, the Government filed a criminal complaint charging Defendant with being "an alien, [who] did knowingly elude examination and inspection by Immigration Officers, a misdemeanor; in violation of Title 8, United States Code, Section

1325(a)(2)." (Doc. No. 1.)  On August 1, 2018, Defendant appeared before the Magistrate Judge and entered a plea of guilty to the single count for violation of 8 U.S.C. § 1325(a)(2) in the complaint.  (Doc. No. 6.)  At the hearing, Defendant moved to dismiss his case on the grounds that 8 U.S.C. § 1325 is unconstitutional.  (Doc. No. 16 at 3, 5-6.)  During his Rule 11 plea colloquy, Defendant admitted: (1) that he was not a citizen of the United States on July 25, 2018; and (2) that he knowingly and voluntarily eluded examination and inspection by immigration officials.  (Id. at 22.)  The Magistrate Judge accepted Defendant's guilty plea and sentenced Defendant to time served.  (Id. at 24-25, 27; Doc. Nos. 6, 7.)

The Magistrate Judge entered a final judgment on August 1, 2018.  (Doc. No. 7.) On August 11, 2018, Defendant filed a timely notice of appeal.  (Doc. No. 13.)  See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

## Discussion

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B).

On appeal, Defendant argues that the Court should vacate his conviction for violation of 8 U.S.C. § 1325 because § 1325 is facially unconstitutional under the Equal Protection Clause in light of the Supreme Court's recent decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017).  (Doc. No. 19 at 1.)  The constitutionality of a statute is a question of law that is reviewed de novo.  United States v. Dowai, 839 F.3d 877, 879 (9th Cir. 2016); United States v. Younger, 398 F.3d 1179, 1192 (9th Cir. 2005).

Here, Defendant raises a facial challenge to the constitutionality of 8 U.S.C. § 1325. (Doc. No. 19 at 1.)  The Supreme Court has explained that "a plaintiff can only succeed in

a facial challenge by 'establish[ing] that no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications." Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). "[A] facial challenge must fail where the statute has a plainly legitimate sweep." Id. (internal quotation marks omitted). "In determining whether a law is facially invalid, [a court] must be careful not to go beyond the statute's facial requirements and speculate about 'hypothetical' or 'imaginary' cases." Id. at 449–50.

Title 8, United States Code, Section 1325(a) provides that: "Any alien who . . . (2) eludes examination or inspection by immigration officers, . . . , shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both . . . ." 8 U.S.C. § 1325(a)(2). Title 8, United States Code, Section 1101(a)(3) defines the term "alien" and provides that: "The term 'alien' means any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

In Morales-Santana, the Supreme Court held that the gender-based distinctions for derivative citizenship set forth in 8 U.S.C. §§ 1401(a)(7) and 1409(a) and (c) violate the Equal Protection Clause and, therefore, are unconstitutional. 137 S. Ct. at 1698, 1700–01 ("The gender-based distinction infecting §§ 1401(a)(7) and 1409(a) and (c), we hold, violates the equal protection principle."). Derivative citizenship is the "acquisition of U.S. citizenship by a child born abroad, when one parent is a U.S. citizen, the other, a citizen of another nation." Id. at 1686.

Defendant argues that because a conviction under § 1325 requires that the government prove that the defendant is "not a citizen or national," the Supreme Court's holding in Morales-Santana renders § 1325 facially unconstitutional. (Doc. No. 19 at 5-13.) The Court disagrees. In order to succeed with his facial challenge to the constitutionality of § 1325, Defendant must establish that no set of circumstances exists under which the statute would be valid. See Washington State Grange, 552 U.S. at 449. Defendant is unable to meet this burden because he has failed to establish that § 1325 is

unconstitutional when it is applied to a defendant such has himself, who has admitted that he is not a citizen of the United States and does not claim that he has a U.S. citizen parent. During his Rule 11 plea colloquy, Defendant admitted that he was not a citizen of the United States at the time of the offense.  (Doc. No. 16 at 22.)  Further, Defendant does not claim that he is entitled to derivative citizenship, and there is no evidence in the record, or otherwise, indicating that either of Defendant's parents is a U.S. citizen.  As such, the Supreme Court's narrow holding in <u>Morales-Santana</u> regarding the constitutionality of the statutes governing derivative citizenship is inapplicable to Defendant.   Thus, the application of § 1325 to Defendant and other similarly situated defendants is valid, and Defendant's facial challenge to the constitutionality of 8 U.S.C. § 1325 fails.[1]

Defendant argues that the "no set of circumstances exists under which the Act would be valid" standard set forth by the Supreme Court in <u>Salerno</u> and <u>Washington State Grange</u> does not apply to his facial challenge to 8 U.S.C. § 1325.  (Doc. No. 19 at 11-13.)  The Court disagrees.  The Ninth Circuit has explained that the <u>Salerno</u> standard is the correct standard for evaluating a facial challenge "'in every context, with the exception of certain First Amendment cases . . . [and] in the context of facial challenges to abortion statutes.'" <u>United States v. Bynum</u>, 327 F.3d 986, 990 (9th Cir. 2003) (quoting <u>S.D. Myers, Inc. v. City & Cty. of San Francisco</u>, 253 F.3d 461, 467 (9th Cir. 2001)); <u>see, e.g.,</u> <u>City of Los Angeles, Calif. v. Patel</u>, 135 S. Ct. 2443, 2450-51 (2015) (applying <u>Washington State Grange</u> standard to a facial challenge on Fourth Amendment grounds); <u>Lopez-Valenzuela v. Arpaio</u>, 770 F.3d 772, 780 (9th Cir. 2014) (en banc) (applying <u>Salerno</u> standard to a facial challenge on substantive due process grounds); <u>Morrison v. Peterson</u>, 809 F.3d 1059, 1064 (9th Cir. 2015) (applying <u>Salerno</u> standard to a facial challenge on due process grounds).  Here, Defendant makes a facial challenge to 8 U.S.C. § 1325 on equal protection grounds.   As a result, the <u>Salerno</u>/<u>Washington State Grange</u> standard applies to his

---

[1]     Indeed, in his brief, Defendant concedes that he "does not allege that there are no circumstances under which the application of § 1325 would be valid."  (Doc. No. 19 at 3.)

constitutional challenge.[2]  See id.  And Defendant has failed to satisfy that standard.

In sum, Defendant has failed to establish that 8 U.S.C. § 1325 is unconstitutional. See also, e.g., United States v. Ayun-Flores, No. 16CR1115-BEN, 2017 WL 4391701, at *1 (S.D. Cal. Oct. 2, 2017) (rejecting challenge to the constitutionality of 8 U.S.C. § 1326 based on the Supreme Court's decision in Morales-Santana).  As a result, the Court denies Defendant's appeal from his conviction.

## Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: October 26, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2]  In support of his argument that the Salerno standard does not apply to his facial challenge, Defendant relies on certain language in footnote 24 of the Morales-Santana decision. (Doc. No. 19 at 12.) But Defendant misconstrues this passage.  In footnote 24 of Morales-Santana and the accompany section of the opinion, the Supreme Court, after determining that the statutes at issue were unconstitutional, discusses and analyzes the proper "'remedial alternatives'" for the constitutional violation at issue.  The Salerno standard is a standard for determining whether a statute is facially unconstitutional, not a standard for determining the proper remedy once a constitutional violation is has been found.  Thus, Defendant's reliance on footnote 24 in Morales-Santana is misplaced.